J-A18025-17

2017 PA Super 346

| IN RE: THE ESTATE OF ANNA S. WIERZBICKI A/K/A ANNA WIERZBICKI, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| JOAN AND CHRISTOPHER CLARK, APPELLANTS | |
| v. | |
| WANDA KORENOSKI, EXECUTRIX | No. 1959 WDA 2016 |

Appeal from the Order December 12, 2016
In the Court of Common Pleas of Allegheny County
Orphans' Court at No(s): NO. 021102276

BEFORE: BOWES, J., LAZARUS, J., and OTT, J.

OPINION BY LAZARUS, J.:                    FILED NOVEMBER 6, 2017

Joan and Christopher Clark ("the Clarks") appeal from the order entered in the Court of Common Pleas of Allegheny County, Orphans' Court Division, denying their motion for summary judgment seeking a determination that a certain Wells Fargo account belonging to Anna S. Wierzbicki, Deceased ("Decedent"), was a testamentary asset and determining, sua sponte, that the account is a non-probate asset. Upon careful review, we affirm in part and reverse in part.

Decedent died on February 25, 2011, leaving a will dated September 2, 2008. Decedent gave her estate, in three equal parts, to: (1) her niece, Joan Clark, and her husband, Christopher Clark, or the survivor of them; (2) her niece, Wanda Korenoski, and her husband, Allen Korenoski, or the survivor of

them; and (3) her niece, Florence Eileen Zalewski, and her husband, Chester Zalewski, or the survivor of them. Decedent appointed Florence Zalewski and Wanda Korenoski as co-executrices. However, Florence renounced her right to serve and died thereafter, leaving Wanda Korenoski ("Executrix") as sole executrix.

At issue in this case is the ownership of a Wells Fargo account ending in the number 6428 ("Account"). Decedent opened the Account in January 2008. At the time, the Decedent did not execute a transfer on death designation. On September 19, 2008, Decedent gave Executrix power of attorney over the Account.

At some point in January 2011, Executrix went to Decedent's apartment, at which time Decedent asked her to complete the beneficiary designation page of a Transfer on Death ("TOD") Application for the Account. Executrix hand-wrote the names, addresses, social security numbers, telephone numbers, birth dates and percentage interests of the beneficiaries on page two of the application. On January 29, 2011, Decedent signed and dated the beneficiary designation, which gave Executrix 60% of the account proceeds and 40% to Florence Eileen Zalewski. The TOD application was date-stamped upon receipt by Wells Fargo on February 3, 2011. Decedent died on February 25, 2011. On March 3, 2011, Wells Fargo preliminarily rejected the TOD application for failure to designate a contingent TOD beneficiary. The rejection was ultimately reversed and the TOD application was approved on April 6, 2011.

On December 5, 2014, the Executrix filed an account of her administration. The Clarks filed objections asserting, inter alia, that the Executrix breached her fiduciary duties by failing to pursue, for the benefit of the estate, recovery of the funds contained in the Account and, instead, retained a percentage of them for her own benefit. Specifically, the Clarks asserted that the TOD beneficiary designation was invalid because: (1) Wells Fargo failed to accept it prior to Decedent's death; (2) the beneficiary designations were completed by Executrix, who held power of attorney on the account, in contravention of 20 Pa.C.S.A. §§ 6407 and 6410; and (3) Wells Fargo rejected the TOD application after Decedent's death, rendering it unenforceable under 20 Pa.C.S.A. §§ 6407, 6409 and 6410. The Clarks also alleged that Executrix exercised undue influence upon the Decedent. Accordingly, the Clarks claim that the beneficiary designation is invalid and the Account is the property of the estate.

The Executrix filed an answer to the Clarks' objections, in which she denied that the failure to designate a contingent beneficiary invalidated the TOD designation. The Executrix also asserted that Wells Fargo followed its own procedures in screening and ultimately accepting Decedent's TOD designation and that the legal bases for the Clarks' claims are unsound.

On March 23, 2016, the Clarks filed a motion for partial summary judgment asking that the Account be deemed a testamentary asset because the TOD designation was facially invalid under the Transfer on Death Security Registration Act ("the Act"), 20 Pa.C.S.A §§ 6401-6413, and the common law

of contracts.[1] The motion did not, however, address the undue influence claim. On December 12, 2016, the court denied the motion and further concluded, as a matter of law, that the Account was a non-probate asset. This appeal follows, in which the Clarks raise the following issues for our review:

> 1. Did the [Orphans' Court] commit an error of law by failing to conclude that the Wells Fargo account is a testamentary asset?
>
> 2. Did the [Orphans' Court] commit an error of law and/or abuse its discretion when concluding – sua sponte and as a matter of law – that the Wells Fargo account is not a testamentary asset?

Brief of Appellants, at 4-5.

We begin by briefly noting that this Court has jurisdiction to decide the instant matter pursuant to Pa.R.A.P. 342(a)(6). Rule 342(a)(6) provides that an appeal may be taken as of right from an order of the Orphans' Court Division that determines an interest in real or personal property. In this case, the Orphans' Court held, as a matter of law, that the Account was a non-probate asset belonging to the beneficiaries named in the TOD designation. As the order "determines an interest in . . . personal property," we may proceed with our review.

> In reviewing a ruling on a summary judgment motion,
>
> [a] reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. Upon appellate review, we are not bound by the trial court's conclusions of law, but may reach our own conclusions. As with all questions of law, our review is plenary.

---

[1] The summary judgment motion addressed only the Clarks' claims with respect to the nature of the Account and not any other issues raised in their objections to the Executrix's account of her administration of the estate.

> Furthermore, in deciding a motion for summary judgment, we will view the record in the light most favorable to the nonmoving party, and accept as true all well-pleaded allegations, giving that party the benefit of all reasonable inferences that can be drawn from those allegations. In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. See Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact as to a necessary element of the cause of action and the moving party is entitled to relief as a matter of law, summary judgment may be entered. See Pa.R.C.P. 1035.2(1).

In re Estate of Scharlach, 809 A.2d 376, 380–81 (Pa. Super. 2002), quoting Kenner v. Kappa Alpha Psi Fraternity, 808 A.2d 178 (some citations omitted).

The Clarks first assert that the Orphans' Court erred in failing to conclude that the Account is a testamentary asset. They argue that the TOD designation executed by the Decedent was invalid and unenforceable under various provisions of the Act and black letter contract law. First, the Clarks assert that the court's ruling violates the requirements of section 6407, which provides as follows:

> On death of a sole owner or the last to die of all multiple owners, ownership of securities registered in beneficiary form passes to the beneficiary or beneficiaries who survive all owners. On proof of death of all owners and compliance with any applicable requirements of the registering entity, a security registered in beneficiary form may be reregistered in the name of the beneficiary or beneficiaries who survived the death of all owners. Until division of the security after the death of all owners, multiple beneficiaries surviving the death of all owners hold their interests as tenants in common. If no beneficiary survives the death of all owners, the security belongs to the estate of the deceased sole owner or the estate of the last to die of all multiple owners.

20 Pa.C.S.A. § 6407 (emphasis added). In particular, the Clarks argue that the Decedent's failure to check the contingent beneficiary box renders the entire TOD designation invalid under the highlighted language. Our reading of the statute does not comport with that of the Clarks. Contrary to their interpretation, it is clear that the highlighted portion of section 6407 refers to any requirements of the registering entity with respect to reregistration of the account in the name of the beneficiaries following the death of the owner. Thus, the cited language is inapplicable.

Likewise, section 6410(a) garners the Clarks no relief. The Clarks rely upon the following language to assert that the TOD designation is invalid:

> (a) Terms and conditions.--A registering entity offering to accept registrations in beneficiary form may establish the terms and conditions under which it will receive requests for registrations in beneficiary form and for implementation of registrations in beneficiary form, including requests for cancellation of previously registered TOD beneficiary designations and requests for reregistration to effect a change of beneficiary. . . .

20 Pa.C.S.A. § 6410(a).

Wells Fargo's internal Document Rejection Policy states that, "[t]o comply with regulatory requirements, all documents must be completed in their entirety." Motion for Partial Summary Judgment, Exhibit F. The Clarks again argue that, because Decedent did not check the contingent beneficiary box, her registration did not comply with the registering entity's "terms and conditions" and is, therefore, invalid. We disagree. Section 6410 merely provides protection for registering entities by authorizing such entities to, in

their discretion, establish the terms and conditions under which it will accept requests for registration in beneficiary form. It does not mandate that any request for registration be deemed invalid for failure to conform exactly to the entity's terms and conditions. Under the circumstances of this case, in which both primary beneficiaries were alive at the time of the owner's death, nothing in section 6410 precluded Wells Fargo from exercising its discretion and disregarding Decedent's irrelevant failure to designate unnecessary contingent beneficiaries. Moreover, the purpose of the Act is to provide a mechanism by which account owners can provide for the non-probate transfer of their assets upon their death. It also provides protections for the financial institutions offering registration in beneficiary form. Section 6412 of the Act provides that its provisions "shall be liberally construed and applied to promote [its] underlying purposes" and that "the principles of law and equity supplement its provisions." 20 Pa.C.S.A. § 6412. The purposes of the Act are not served by applying its provisions narrowly to thwart the clear intent of account owners based on an irrelevant technicality.

The Clarks also argue that the Executrix executed the TOD designation form in her capacity as power of attorney and, in doing so, rendered the application invalid under sections 6407 and 6410. This argument fails for two reasons. First, it is undisputed that the Decedent herself executed the document. The Clarks do not dispute that the signature on page three of the document is that of the Decedent. The fact that the Executrix assisted the Decedent by handwriting the names and other information of the Decedent's

chosen beneficiaries is of no moment. Second, nothing in section 6407 or 6410 invalidates a TOD designation executed by an agent under a power of attorney or precludes an agent from validly executing a TOD designation. This argument is patently meritless.

The Clarks further assert that section 6409 and black letter contract law render the designation ineffective because there was no "acceptance" of the Decedent's "offer." Section 6409 provides, in relevant part, as follows:

(a)    General rule. – A transfer on death resulting from a registration in beneficiary form is effective by reason of the contract regarding the registration between the owner and the registering entity and this chapter and is not testamentary.

20 Pa.C.S.A. § 6409.

"It is black letter law that in order to form an enforceable contract, there must be an offer, acceptance, consideration or mutual meeting of the minds." Jenkins v. Cty. of Schuylkill, 658 A.2d 380, 383 (Pa. Super. 1995).

The Clarks argue that the "offer" in this case was made by the Decedent when she submitted her TOD registration application to Wells Fargo. Wells Fargo did not "accept" her application until after her death. Because an offeree's power of acceptance "is terminated when the offeree or offeror dies," no contract was formed. Brief of Appellant, at 19, citing Restatement (Second) of Contracts, § 48. We disagree.

The very section of the Act upon which the Clarks base many of their claims undermines their argument by framing the registration process in terms of the registering entity being the offeror. Section 6410(a) begins by

stating: "A registering entity offering to accept registrations in beneficiary form may establish the terms and conditions . . ." 20 Pa.C.S.A. § 6410(a) (emphasis added). In addition, section 6408(a) of the Act provides as follows: "A registering entity is not required to offer or to accept a request for security registration in beneficiary form. If a registration in beneficiary form is offered by a registering entity, the owner requesting registration in beneficiary form assents to the protections given to the registering entity by this chapter." 20 Pa.C.S.A. § 6408(a) (emphasis added). In short, Wells Fargo offered TOD registration and Decedent accepted by executing the application, which was delivered to Wells Fargo on February 3, 2011, prior to Decedent's death. The Clarks can cite no authority for the proposition that Wells Fargo's internal administrative delay in approving Decedent's application renders the TOD designation invalid. Formal procedures required by an institution in order to effect a change of beneficiary are in place to protect the institution. See In re Estate of Golas, 751 A.2d 229, 231 (Pa. Super. 2000). Thus, an original beneficiary is without the right to insist upon strict compliance with those requirements in an effort to invalidate a subsequent beneficiary designation. Id.

For the foregoing reasons, we find that the Clarks have failed to demonstrate that the Orphans' Court committed an error of law in concluding that, on its face, the TOD beneficiary designation was valid. Accordingly, we affirm the court's denial of the Clarks' motion for partial summary judgment.

Nevertheless, we are constrained to agree with the Clarks that the court went a step too far when it held conclusively and as a matter of law that the Account is a non-probate asset. The sole issue before the court on partial summary judgment was whether the TOD designation was unenforceable, on its face and as a matter of law, pursuant to the Act and the common law of contracts. The motion did not address the Clarks' alternative contention – that, regardless of its facial validity, the designation was the product of undue influence exercised upon the Decedent by the Executrix. See Amended Objections to Account, 11/20/15, at ¶ 64. Because the issue of undue influence was not raised in the motion for partial summary judgment, it was premature for the court to rule, as a matter of law, that the Account is a non-probate asset where evidence regarding the Clarks' undue influence claim was not yet before the court. Accordingly, to the extent that the court conclusively determined the non-probate nature of the Account, we reverse and remand for further proceeding consistent with the dictates of this opinion.

Affirmed in part and reversed in part. Remanded for further proceedings consistent with the dictates of this opinion. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/6/2017